Neel, Stephen E., J.
After hearing on the parties’ respective motions for summary judgment, the Court concludes that both should be denied, for the following reasons.
Plaintiffs Employment Agreement and Restricted Stock Agreement (RSA) allow him severance payments and equity rights in the event he terminates his employment after a “Good Reason” event occurs. For example, the Employment Agreement provides, at p. 3: “If your employment is terminated ... by you for Good Reason, then you will receive the following [benefits].” At page 4, that agreement defines “Good Reason” to mean, inter alia: “you suffer a material reduction in the authorities, or duties, or job title and responsibilities associated with your position and office immediately prior to the reduction ... on the basis of which you make a good faith determination that you can no longer carry out your position or office in the manner contemplated before the reduction ...”
On the basis of the language just quoted, the Court concludes that the Employment Agreement sets three requirements which plaintiff must meet before he may receive the specified benefits following his own termination of his employment:
1. he must have suffered “a material reduction in the authorities, or duties, or job title and responsibilities associated with your position and office immediately prior to the reduction ...”
2. on the basis of that reduction, he must have made “a good faith determination that you can no longer carry out your position or office in the manner contemplated before the reduction . . .”
3. his employment must be terminated by him “for Good Reason ...”
Plaintiff argues that the third requirement does not mean that he must have terminated his employment because of “Good Reason” (an interpretation with which the Court does not agree), but that in any event there is no genuine dispute that, on the summary judgment record, he has fulfilled each of the three requirements.
Neither the summary judgment record nor the case law supports plaintiffs contention. Both parties cite Carter v. Warren Five Cents Savings Bank, 409 Mass. 73 (1991), a case in which the severance agreement contained but one pertinent requirement:
The only event [upon which Carter might resign and receive severance compensation] upon which Carter relies is that set forth in the agreement as follows: “in the judgment of the Executive (such judgment being exercised in good faith), a significant change in the Executive’s responsibilities and/or duties which constitutes, when compared to the Executive’s responsibilities and/or duties before the ‘change of control’... a demotion.”
Id. at 77. The court reversed the trial judge’s allowance of Carter’s motion for summary judgment, in part because, while “[c]learly, Warren Five changed the duties that Carter was to perform after the merger,” the summary judgment record disclosed a dispute as to whether Carter had “made a good faith judgment that his duties after the change of ownership changed significantly so as to constitute a demotion.” Id. at 78. For example, Carter knew at the time of his resignation that, after Warren Five’s merger with his employer, Beverly Savings Bank, he would be not the only senior vice president, but one of four; that he would supervise *272 not thirty-five people but twelve people; that he would be responsible not for both residential and commercial lending, but residential only; and that his access to Warren Five’s executive committee was in question. Id. at 78-79.
While the Employment Agreement and RSA speak of “reduction," not “demotion,” the summary judgment record here similarly demonstrates issues of fact as to whether plaintiff made a good faith determination that his change in duties constituted the type of reduction specified in the Employment Agreement.
Moreover, contrary to plaintiffs argument here that a reasonable person in plaintiffs position could not but conclude, in good faith, that he or she had suffered the required reduction in duties etc., the court in Carter considered the “reasonable person” standard as “relevant” but not determinative. Id. at 78.
Added to the genuine dispute regarding plaintiffs good faith, as in Carter, are the requirements here that there be, in fact, a “material reduction” in plaintiffs duties etc., and that the plaintiff have terminated his employment “for Good Reason,” i.e., because of the material reduction and his good faith determination, based thereon, that he could “no longer carry out your position or office in the manner contemplated before the reduction . . .”
The RSA is sufficiently similar to the Employment Agreement in the above respects (see sections 1.5(h) and 3(b)) that the analysis and conclusion are the same.
Defendant also seeks summary judgment, and to the extent that defendant relies on matters resolved above, issues of fact defeat the motion. Defendant further relies on provisions of the 1996 Stock and Option Plan authorizing defendant’s board of directors to interpret that Plan’s provisions and the RSA, and to make “all rules and determinations which it deems necessary or advisable for the administration of the Plan”; the Plan also provides that “(a]ll actions taken and all interpretations and determinations made by the [board] in good faith shall be final and binding upon ... all Participants . . .” Plan, Sec. 4. Defendant argues that, its board having determined that plaintiff had not terminated his employment for “Good Reason,” and having denied additional vesting of his stock under the RSA, the board’s decision is “final and binding” on plaintiff. The evidence which plaintiff highlights regarding what the board actually did or did not do — which in any event was admittedly short of a vote — presents issues of fact on this material point. For reasons similar to those noted above as to plaintiff, the “good faith” of the board is likewise not suitable for determination on summary judgment, even if the standard to be applied is one of arbitrary, capricious, or bad faith determination.
ORDER
For the reasons stated above, plaintiffs and defendants’ motions for summary judgment are DENIED.